UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ARMANDO RODRIGUEZ,

Plaintiff,

v.

GAVIN NEWSOM, et al.,

Defendants.

Case No. 19-cv-01378-YGR (PR)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

## I. INTRODUCTION

Plaintiff, a civil detainee at Napa State Hospital ("NSH"), has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His motion for leave to proceed *in forma pauperis* has been granted. Dkt. 11.

Venue is proper because the events giving rise to the claim are alleged to have occurred at NSH, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

In his complaint, Plaintiff names the following Defendants: Governor Gavin Newsom; the Department of State Hospitals ("DSH"); and DSH Deputy Director George Maynard. Dkt. 1 at 1. Plaintiff sues these Defendants in their individual and official capacities. *Id.*

Plaintiff seeks declaratory and injunctive relief.

## II. DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

(1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff claims that he is a patient at NSH who belongs to one of the "four 'Incompetent to Stand Trial' programs in the State of California." Dkt. 1 at 2. It seems that Plaintiff was acquitted of criminal charges by reason of insanity and has since been involuntarily civilly committed to NSH. *Id.* However, he claims that due to "overcrowding," patients are housed with less square footage of space than legally mandated." *Id.* Plaintiff alleges that such overcrowding has resulted in the following: (1) insufficient educational, community re-entry, up-to-date treatment, and specialty programs; (2) overworking nursing staff and affecting "their ability to properly perform their work duties"; and (3) social workers' caseloads being too high such that they are unable to make time for their patients. *Id.* In addition, Plaintiff claims that DSH "regularly denies and/or delays the release of patient records," and DSH hospitals like NSH are "in dire need of repair and maintenance." *Id.* Thus, Plaintiff claims that his Eighth Amendment rights are violated based on Defendants' deliberate indifference to his serious mental health needs.

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 102-04 (1976). Prisoners' mental health needs are among the medical needs covered by the Eighth Amendment. *See generally Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994). To prove that the response of prison officials to a prisoner's mental health needs was constitutionally deficient, the prisoner must establish (1) a serious mental health need and (2) deliberate indifference to that need by prison officials. *See McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

Here, it seems that Plaintiff sues Defendants Newsom, Maynard, and the DSH on a theory that they are legally responsible for the operation of NSH (and other hospitals), but Plaintiff alleges no actions or omissions by them that caused the alleged constitutional violations.

First, the complaint does not state a claim against the municipal defendants (DSH and Defendants Newsom and Maynard in their official capacity as Governor and DSH Deputy Director, respectively). There is no respondeat superior liability under section 1983, i.e. no liability under the theory that one is liable simply because he employs a person who has violated a plaintiff's rights. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978)*; Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Thus, the mere fact that the alleged individual wrongdoer was employed by one of these institutional defendants would not be a sufficient basis on which to hold the employing institutional defendant liable. Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, *see Monell*, 436 U.S. at 690. To impose municipal liability under section 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). For municipal liability, a plaintiff must plead sufficient facts regarding the specific nature of the alleged policy, custom, or practice to allow the defendant to defend itself effectively, and these facts must plausibly suggest that the plaintiff is entitled to relief. *See AE v. County of Tulare*, 666 F.3d 631, 636-37 (9th Cir. 2012). It is not sufficient to allege merely that a policy, custom, or practice existed or that individual officers' wrongdoing conduct conformed to a policy, custom, or practice. *See id.* at 636-68.

Next, suing Defendants Newsom and Maynard in their individual capacities as Governor and DSH Deputy Director, respectively, is not sufficient. Dkt. 1 at 1. As mentioned, there is no respondeat superior liability under section 1983. *See Taylor*, 880 F.2d at 1045. It is not enough that the supervisor merely has a supervisory relationship over the defendants (i.e., the unnamed NSH staff); the plaintiff must show that the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* Furthermore, supervisor defendants are entitled to qualified immunity where the allegations against them are simply "bald" or "conclusory" because such allegations do not "plausibly" establish the supervisors' personal

3

involvement in their subordinates' constitutional wrong. *Ashcroft v. Iqbal*, 556 U.S. 662, 676-83 (2009). Appropriate defendants would include the NSH staff who supervised his daily activities and the nursing staff who were unable to provide adequate mental health treatment, etc. Plaintiff also must provide names (or other identifying information), as well as dates, times, places, and allegations that plausibly establish liability.

Accordingly, Plaintiff will be given leave to file an amended complaint in which he clearly links each defendant to the alleged injury, or injuries, for which that defendant is alleged to be responsible. While Plaintiff must, in filing his amended complaint, provide sufficient information to give the defendants fair notice of the nature of the claims against them, Plaintiff need not provide a lengthy narrative with respect to each defendant to satisfy the pleading requirements of Rule 8. Instead, Plaintiff should provide a concise statement identifying each defendant and the specific action or actions the defendant took, or failed to take, that allegedly caused the deprivation of Plaintiff's constitutional rights, as well as the injury resulting therefrom. Additionally, Plaintiff should not name any defendant who is linked solely in his respondeat superior capacity or against whom Plaintiff cannot allege facts that would establish supervisorial liability.

### III. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The complaint is DISMISSED with leave to amend. Within **twenty-eight (28) days** from the date of this Order, Plaintiff shall file his amended complaint as set forth above. Plaintiff must use the attached civil rights form, write the case number for this action -- Case No. C 19-1378 YGR (PR) -- on the form, clearly label the complaint "Amended Complaint," and complete all sections of the form. Because the amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992). He may not incorporate material from the original complaint by reference. If Plaintiff wishes to attach any additional pages to the civil rights form, he shall maintain the same format as the form, i.e., answer only the questions asked in the "Exhaustion of Administrative Remedies" section without

4

including a narrative explanation of each grievance filed.

**Plaintiff's failure to file his amended complaint by the twenty-eight-day deadline or to correct the aforementioned deficiencies outlined above will result in the dismissal of this action without prejudice.**

2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

3. The Clerk shall send Plaintiff a blank civil rights form along with a copy of this Order.

IT IS SO ORDERED.

Dated: October 10, 2019

_____
YVONNE GONZALEZ ROGERS
United States District Judge