UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ARMANDO RODRIGUEZ,

    Plaintiff,

v.

GAVIN NEWSOM, et al.,

    Defendants.

Case No. 19-cv-01378-YGR (PR)

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

## I.  BACKGROUND

Plaintiff, a civil detainee at Napa State Hospital ("NSH"), has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Dkt. 1. In his original complaint, Plaintiff named the following Defendants: Governor Gavin Newsom; the Department of State Hospitals ("DSH"); and DSH Deputy Director George Maynard. *Id.* at 1. Plaintiff attempted to sue these Defendants in their individual and official capacities. *Id.* Plaintiff sought declaratory and injunctive relief.

He has been granted leave to proceed *in forma pauperis* ("IFP"). Dkt. 11.

The Court conducted an initial screening of the complaint pursuant to 28 U.S.C. § 1915A(a). Dkt. 17. The following summary was taken from the Court's initial screening order:

> Plaintiff claims that he is a patient at NSH who belongs to one of the "four 'Incompetent to Stand Trial' programs in the State of California." Dkt. 1 at 2. It seems that Plaintiff was acquitted of criminal charges by reason of insanity and has since been involuntarily civilly committed to NSH. *Id.* However, he claims that due to "overcrowding," patients are housed with less square footage of space than legally mandated." *Id.* Plaintiff alleges that such overcrowding has resulted in the following: (1) insufficient educational, community re-entry, up-to-date treatment, and specialty programs; (2) overworking nursing staff and affecting "their ability to properly perform their work duties"; and (3) social workers' caseloads being too high such that they are unable to make time for their patients. *Id.* In addition, Plaintiff claims that DSH "regularly denies and/or delays the release of patient records," and DSH hospitals like NSH are "in dire need of repair and maintenance." *Id.* Thus, Plaintiff claims that his Eighth Amendment rights are violated based on Defendants' deliberate indifference to his serious mental health needs.

*Id.* at 2. The Court took note that "it seem[ed] that Plaintiff [was] su[ing] Defendants Newsom,

Maynard, and the DSH on a theory that they are legally responsible for the operation of NSH (and other hospitals), but Plaintiff allege[d] no actions or omissions by them that caused the alleged constitutional violations." *Id.*

First, the Court determined that "the complaint d[id] not state a claim against the municipal defendants (DSH and Defendants Newsom and Maynard in their official capacity as Governor and DSH Deputy Director, respectively)[,]" stating as follows:

> There is no respondeat superior liability under section 1983, i.e. no liability under the theory that one is liable simply because he employs a person who has violated a plaintiff's rights. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978)*; Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Thus, the mere fact that the alleged individual wrongdoer was employed by one of these institutional defendants would not be a sufficient basis on which to hold the employing institutional defendant liable. Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, *see Monell*, 436 U.S. at 690. To impose municipal liability under section 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). For municipal liability, a plaintiff must plead sufficient facts regarding the specific nature of the alleged policy, custom, or practice to allow the defendant to defend itself effectively, and these facts must plausibly suggest that the plaintiff is entitled to relief. *See AE v. County of Tulare*, 666 F.3d 631, 636-37 (9th Cir. 2012). It is not sufficient to allege merely that a policy, custom, or practice existed or that individual officers' wrongdoing conduct conformed to a policy, custom, or practice. *See id.* at 636-68.

*Id.* at 3. Next, the Court found that it was not sufficient for Plaintiff to sue Defendants Newsom and Maynard in their individual capacities as Governor and DSH Deputy Director, respectively. *Id.* (citing Dkt. 1 at 1). The Court explained its finding further, as follows:

> As mentioned, there is no respondeat superior liability under section 1983. *See Taylor*, 880 F.2d at 1045. It is not enough that the supervisor merely has a supervisory relationship over the defendants (i.e., the unnamed NSH staff); the plaintiff must show that the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* Furthermore, supervisor defendants are entitled to qualified immunity where the allegations against them are simply "bald" or "conclusory" because such allegations do not "plausibly" establish the supervisors' personal involvement in their subordinates' constitutional wrong. *Ashcroft v. Iqbal*, 556 U.S. 662, 676-83 (2009). Appropriate defendants would

2

> include the NSH staff who supervised his daily activities and the nursing staff who were unable to provide adequate mental health treatment, etc. Plaintiff also must provide names (or other identifying information), as well as dates, times, places, and allegations that plausibly establish liability.

*Id.* at 3-4. The Court then summarized the requirements for Plaintiff to correct the aforementioned deficiencies, as follows:

> Plaintiff will be given leave to file an amended complaint in which he clearly links each defendant to the alleged injury, or injuries, for which that defendant is alleged to be responsible. While Plaintiff must, in filing his amended complaint, provide sufficient information to give the defendants fair notice of the nature of the claims against them, Plaintiff need not provide a lengthy narrative with respect to each defendant to satisfy the pleading requirements of Rule 8. Instead, Plaintiff should provide a concise statement identifying each defendant and the specific action or actions the defendant took, or failed to take, that allegedly caused the deprivation of Plaintiff's constitutional rights, as well as the injury resulting therefrom. Additionally, Plaintiff should not name any defendant who is linked solely in his respondeat superior capacity or against whom Plaintiff cannot allege facts that would establish supervisorial liability.

*Id.* at 4. The Court granted Plaintiff twenty-eight days to file an amended complaint to cure the pleading deficiencies, or to suffer dismissal of the action. As mentioned, Plaintiff filed an amended complaint, which the Court will now review below. *See* Dkt. 22.

## II. DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 102-04 (1976). Prisoners' mental health needs are among the medical needs covered by the Eighth Amendment. *See generally Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994). To prove that the response of prison officials to a prisoner's mental health needs was constitutionally deficient, the prisoner must establish (1) a serious mental health need and (2) deliberate indifference to that need by prison officials. *See McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

Plaintiff subsequently filed a three-page, handwritten amended complaint, in which he again names Defendants Newsome and Maynard (leaving out DSH as a named Defendant), repeats similar allegations from his original complaint, and seeks injunctive relief as well as compensatory and punitive damages. Dkt. 22. Plaintiff again claims that Defendants Newsome and Maynard are "responsible for the operations at the Department of State Hospitals." *Id.* at 1. Plaintiff seems to claim that these Defendants thus proximately caused the deprivation of Plaintiff's right to adequate living conditions as NSH due to overcrowding, including limiting his access to mental health treatment. *Id.* There is, however, no respondeat superior liability under section 1983 solely because a defendant is responsible for the actions or omissions of another. *See Taylor*, 880 F.2d at 1045. Therefore, the Court finds that Plaintiff has failed to name the individually responsible defendants and to link them specifically to his claims. Furthermore, the Court notes that Plaintiff has failed to explain how he exhausted his administrative remedies with respect to any alleged claims in his amended complaint.

Finally, to the extent that Plaintiff seeks class action status in his amended complaint, such a request will be denied. "[A] litigant appearing in propria persona has no authority to represent anyone other than himself." *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962). Any allegations pertaining to a class action are DISMISSED because *pro se* prisoner-plaintiffs are not adequate class representatives able to fairly represent and adequately protect the interests of a

1  class. *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975). Accordingly, any such request by Plaintiff for class certification is DENIED.[1]

In sum, the Court has reviewed Plaintiff's amended complaint and finds that it does not cure the pleading deficiencies identified in the Court's Order dismissing the original complaint with leave to amend. Accordingly, Plaintiff's claims are DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

### III. CONCLUSION

For the foregoing reasons, the amended complaint is DISMISSED without prejudice under 28 U.S.C. § 1915A(b) for failure to state a claim under section 1983.

Further, this Court CERTIFIES that any IFP appeal from this Order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk of the Court shall terminate any pending motions as moot and close the file.

IT IS SO ORDERED.

Dated: April 20, 2020

_____
YVONNE GONZALEZ ROGERS
United States District Judge

---

[1] The Court notes that there exists a pending class action involving all current and future California inmates requiring medical care under the medical care system operated by the California Department of Corrections and Rehabilitation ("CDCR"), in which the Plaintiffs claimed that the CDCR is providing constitutionally deficient medical care in violation of the Eighth Amendment, and that the current systems and resources cannot properly care for and treat the prisoners in custody. *See Plata v. Schwarzenegger*, No. C 01-01351 JST (N.D. Cal. filed 2001). A three-judge court was convened, which issued a remedial order requiring the State to reduce the prison population to 137.5% of the prisons' design capacity within two years, which, absent compliance through other means, would involve releasing some prisoners before their full sentences have been served. *See Brown v. Plata*, 563 U.S. 493, 509-10 (2011). The three-judge court consolidated this action with another federal class action, *Coleman v. Wilson*, 912 F. Supp. 1282 (E.D. Cal. 1995), which involved a class of prisoner-plaintiffs with certain serious mental disorders.